IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-99-1591-PHX-RCB (LOA) |
| Plaintiff/Respondent, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Castulo Soto-Valdez, | |
| Defendant/Movant. | |

This matter arises on Movant's Motion for Relief from Judgment under Rule 60(b)(6). (Doc. 1) This motion is fully briefed and, for the reasons set forth below, should be denied.

**I. Background**

On February 27, 1996, Movant and twenty-four other defendants were charged in a second superseding indictment with conspiracy to distribute and possession with intent to distribute methamphetamine from January 1, 1995 through September 6, 1995. (CR 328)[1] The indictment was returned following a year-long investigation which included a court - authorized wiretap of three phone lines between April and September 6, 1995. (RT 4/5/96, 54, 57-62; 4/24/96 109-10) Two of the targeted telephone lines belonged to Benito Higuera. One was a cellular phone and the other, telephone number (602) 846-2325, was located at a

---

[1] The abbreviations "CR" refer to the case file in CR 95-320 PHX-RCB. "RT" refers to the reporter's transcript and will be followed by the date and page number.

residence that Benito Higuera shared with his brothers, co-conspirators Ernesto and Jose Cruz Higuera. (RT 6/6/98 139)

As a result of the wiretaps, the Federal Bureau of Investigation (F.B.I.) intercepted over 5,000 drug-related telephone calls which were primarily in Spanish and utilized a code. (RT 4/5/96 69; 4/10/96 19; 4/30/96 29) The calls detailed a large-scale methamphetamine distribution ring which obtained drugs from Mexico and California and distributed them in Arizona. (RT 4/10/96 151, 159-61, 169-70; 4/11/96 6, 10-12, 37, 43-54, 60-66, 72-73, 81-83, 87-89, 91-93, 101, 125-26; 4/12/96 15-20, 40-42, 65-66; 4/23/96 9-20, 24-40; 4/24/96 10, 32-33; 4/26/96 29-55) The conspiracy received and distributed 30 to 50 pounds of methamphetamine every three weeks depending on drug supply and market demand. (RT 4/23/96 18; 4/24/96 10-13, 32-33) The conspiracy consisted of two levels of drug distributors: (1) "warehousers" such as the Higuera brothers (Benito, Jose Cruz and Ernesto), Rodolfo Garcia Moreno a.k.a "'Fito," Castulo Soto, and Efren Santos who received multi-pound quantities from manufacturers; and (2) "wholesalers" who received the methamphetamine from the warehousers and who had their own distribution networks which ultimately led to the street.

Movant's trial commenced June 2, 1998 and concluded June 11, 1998 when the jury returned a guilty verdict. (CR 1018, 1037) On August 31, 1998, the district court sentenced Movant to 360 months imprisonment followed by 60 months supervised release. The district court also imposed the mandatory special assessment. (CR 1066)

On September 22, 1998, attorney Colin Jon Kooyumjian filed a notice of substitution of counsel in order to represent Movant. (CR 1075) Movant, through Kooyumijian, appealed his conviction and sentence arguing, *inter alia*, that trial counsel rendered ineffective assistance because he allegedly failed to review the tapes of the intercepted conversations prior to trial. The Ninth Circuit affirmed Movant's conviction. *United States v. Soto-Valdez*, No. 98-10389, 1999 WL 701896 (9th Cir. Sept. 9, 1999) (unpublished). The Ninth Circuit, however, declined to consider the ineffective assistance

of counsel claim because such claim is properly brought in a collateral proceeding. *Id.* at *
2.

On September 3, 1999, Movant, through Kooyumijian, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. (CR 1145). Movant asserted that: (1) trial counsel rendered ineffective assistance in failing to listen to and obtain voice analysis of audiotapes of conversations between Movant and other conspirators, and (2) the prosecution engaged in misconduct in failing to obtain a voice comparison of a tape of a pretrial interview with Movant and the voice of "Castulo" on the wiretap tapes. (*Id.*) The § 2255 motion was referred to the undersigned for a report and recommendation.

The undersigned requested additional briefing regarding Movant's ineffective assistance of counsel claim and conducted an evidentiary hearing on that claim on October 10, 2000. (CR 1203, 1217) The undersigned subsequently recommended that the § 2255 motion be denied in its entirety. (CR 1206) The Honorable Robert C. Broomfield adopted the report and recommendation on January 8, 2001. (CR 1210, 1211)

On February 16, 2001, Movant filed a notice of appeal through counsel. (CR 1212) The court issued a certificate of appealability on February 28, 2001. (CR 1213) Movant filed a motion to modify the time schedule, which was granted on April 17, 2001. (CR 1214) Movant, through counsel, ordered a transcript of the October 10, 2000 hearing on July 7, 2001. (CR 1218) The Ninth Circuit set a September 4, 2001 deadline for Movant to file an opening brief. (CR 1220) On September 10, 2001, an unspecified party filed a transcript designation form. (CR 1222) The Ninth Circuit dismissed the appeal on March 6, 2002 for failure to perfect the appeal. (CR 1224)

**II.  Rule 60(b) Motion**

On February 7, 2011, Movant filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 1) Movant seeks relief from the January 8, 2001 judgment denying his § 2255 motion, requests that the court reopen the § 2255 motion and appoint counsel to represent him. (Doc. 1) In support of his claim, Movant asserts that his post-conviction counsel, Kooyumijian, provided ineffective assistance

- 3 -

1 because he failed to file an opening brief with the Ninth Circuit Court of Appeals on appeal
from the denial of Movant's § 2255 motion.[2]

**III. Analysis**

Respondents assert that the Rule 60(b) motion should be denied because the Court lacks jurisdiction to consider this matter, or alternatively, Movant does not satisfy the requirements of Rule 60(b).

### A. Rule 60(b)

To prevail on a motion for relief from judgment brought under Rule 60(b), the movant must show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. *See* Fed.R.Civ.P. 60(b). Movant specifies that he brings his motion pursuant to Rule 60(b)(6). (Docs. 1, 10) Under Federal Rule of Civil Procedure 60(b)(6), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding . . . [for] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The motion must be made "within a reasonable time," and the movant must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)[3]; *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Rule 60(b)(6) is a catchall provision, and should be applied only when the reason for granting relief is not

---

[2] Movant based his motion, in part, on his claim that Kooyumjian was not authorized to practice law at the time of Movant's § 2255 proceedings. (Doc. 1 at 3) Movant, however, abandoned that claim after Respondents submitted evidence indicating that Kooyumjian was licensed to practice law during the § 2255 proceedings. (Doc. 10 at 5; Doc. 4) Attorney Kooyumijian was admitted to the State Bar of California on December 2, 1994. (Doc. 3, Exh. A) On February 23, 2005, he was found ineligible to practice law based on his failure to pay an arbitration award. (Doc. 3, Exhs. A, B) He was disbarred on January 14, 2010. (Doc. 3, Exh. A)

[3] Although *Gonzalez* limited its holding to petitions brought under 28 U.S.C. § 2254, the Ninth Circuit has extended *Gonzalez's* reasoning to § 2255 motions. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (*per curiam*).

- 4 -

covered by any of the other reasons set forth in Rule 60. *Community Dental Services. v. Tani*, 282 F.3d 1164, 1168 n. 8 (9th Cir. 2002). A district court considering a Rule 60(b)(6) motion may take into account factors such as "the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations." *Gonzalez*, 545 U.S. at 540.

### B. Whether Claims are Cognizable

Before considering the merits of Movant's Rule 60(b)(6) motion, the Court must consider whether his claims are properly before the Court. Rule 60(b) applies in habeas proceedings only to the extent that it is not inconsistent with applicable federal habeas statutes and rules. *Gonzalez*, 545 U.S. at 531. Rule 60(b) is not an alternative to review by appeal. Likewise, Rule 60(b) is not appropriately used to circumvent the limitations on successive habeas petitions or the rules governing the appeal of § 2255 orders. *Id*. at 531-532 (discussing Rule 60(b) to appeal § 2254 orders and holding that Rule 60(b) motions cannot circumvent the "second or successive" habeas petition requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)); *see also Phelps*, 569 at 1135 (9th Cir. 2009) (discussing *Gonzalez* in reference to Rule 60(b) motions regarding habeas orders generally).

In *Gonalez*, the Supreme Court addressed how to distinguish between cognizable Rule 60(b) motions that the district court can adjudicate, and those that are in essence successive habeas petitions for which pre-filing authorization is required. A Rule 60(b) motion that contains "claims" is similar enough to a "habeas corpus petition" to require it to be consistent with the AEDPA. *Gonzalez*, 545 U.S. at 531. The Court then explained how to make the "relatively simple" determination of whether a Rule 60(b) motion advances one or more "claims":

> A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the

- 5 -

> merits, but some defect in the integrity of the federal habeas proceedings . . . . Fraud on the federal habeas court is one example of such a defect. [By contrast,] an attack based on the movant's own conduct, *or his habeas counsel's omissions* . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

*Id.* at 532 and n. 5 (citations omitted, emphasis added); *see also United States v. Washington*, 653 F.3d 1057, 1063, 1066 (9th Cir. 2011) (holding that defendant's motion for relief from judgment based on, *inter alia*, claim that the judgment was void was a disguised second or successive § 2255 motion to vacate and recognizing that a motion attacking a movant's "habeas counsel's omissions" presents a "claim" and is "in substance, a new request for relief on the merits and should be treated as disguised § 2255 motion.").

Under *Gonzalez*, Movant's "assertion that his post-conviction counsel gave him ineffective assistance in connection with his § 2255 motion does not go to the integrity of the habeas proceedings but, in effect, asks for a second chance to have the merits determined favorably." *U.S. v. Bahna*, 2010 WL 491658, * 3 (C.D.Cal, Nov. 24, 2010). Accordingly, Movant's assertion that § 2255 counsel rendered ineffective assistance does not provide a cognizable basis for a Rule 60(b) motion, but is a disguised § 2255 motion. *Bahna*, 2010 WL 491658, at * 3 (finding that defendant's claim that post-conviction counsel rendered ineffective assistance did not provide a cognizable basis for a Rule 60(b) motion). "A petitioner is limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *Washington*, 653 F.3d. at 1059. Section 2255(h) "provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (citing 28 U.S.C. § 2255(h)).

In view of the foregoing, Movant's motion for relief under Rule 60(b)(6) - which is a disguised § 2255 motion, should be dismissed because this court lacks jurisdiction to consider the merits of Movant's claims absent authorization from the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h). *See Washington,* 653 F.3d at 1066; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

Movant has also filed a Motion to Supplement his Rule 60(b) motion. (Doc. 11) Movant argues that the recent Supreme Court decision in *Maples v. Thomas*, ___ U.S.___, 132 S.Ct. 912 (2012), supports his Rule 60(b)(6) motion. In *Maples*, the Supreme Court ruled that a habeas petitioner may establish cause to overcome a procedural default by showing counsel abandoned the client, thus severing the principal-agent relationship. *Id*. at 923. The holding in *Maples* does not change the fact the Movant's claim of ineffective assistance of § 2255 counsel is not cognizable in a Rule 60(b)(6) motion. However, Movant's motion to supplement should be granted to the extent that the Court considered whether *Maples* impacts the Rule 60(b)(6) motion.

In accordance with the foregoing,

**IT IS RECOMMENDED** that Movant's Motion for Relief from Judgment Pursuant to Rule 60(b)(6), doc. 1, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Movant's Motion to Supplement Rule 60(b) Motion, doc. 11, be **GRANTED** to the extent that the Court considered Movant's arguments therein.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation

within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 17th day of February, 2012.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge